■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK SMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 27, 1972, convicting him of robbery in the third degree, upon his plea of guilty, and sentencing him to an indeterminate prison term not to exceed seven years. Judgment reversed, on the law, and case remanded to the Criminal Term for further proceedings not inconsistent herewith. At the time of the change of plea to one of guilty, the trial court, before accepting it, elicited information from defendant which cast doubt upon his guilt of the crime to which he offered to plead guilty or of any other crime. Accordingly, the court was obligated to so inform defendant and explain his right to go to trial (*People* v. *Serrano,* 15 N Y 2d 304; *People* v. *Crawley,* 42 A D 2d 586). Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN MARK TERRY, Appellant.— Appeal by defendant from three separate judgments of the Supreme Court, Queens County, all rendered May 19, 1972, two of which convicted him of robbery in the second degree and the third of robbery in the third degree, upon guilty pleas, and imposing concurrent sentences. Judgments reversed, on the law and in the exercise of discretion, and cases remanded to the Criminal Term for the purpose of (a) holding a hearing upon defendant's application to withdraw his pleas of guilty and (b) making a determination thereon *de novo.* Under the facts and circumstances of this case and in light of the recent decision in *People* v. *McClain* (32 N Y 2d 697), we feel it was an abuse of discretion to deny defendant's application to withdraw his pleas of guilty without a hearing. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.